### UNITED STATES DISTRICT COURT

### MIDDLE DISTRICT OF LOUISIANA

**ERIC POIROUX**                                        **CIVIL ACTION NO.**

**VERSUS**                                                **21-54-SDD-SDJ**

**S. LEA THOMAS, ET AL.**

## RULING

This matter comes before the Court on Plaintiff's "Motion to Reinstate ect. To Inform,"[1] which the Court interprets to be a Motion for Relief from Judgment brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The Motion shall be denied.

Pursuant to Judgment dated September 21, 2021,[2] the above-captioned proceeding was dismissed for failure of the plaintiff to pay the Court's filing fee. The plaintiff did not take an appeal from that Judgment. Now, nearly one year later, the plaintiff has submitted the instant Motion requesting additional time to pay the fee. He thus seeks to re-open this proceeding and obtain a substantive consideration of his original claim.

Rule 60(b) provides that relief from a judgment or order may be had for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or misconduct by an opposing party, (4) a void judgment, (5) a judgment that has already been satisfied, is no longer equitable, or has effectively been overturned, or (6) any other reason that justifies such relief. Plaintiff has not provided any factual assertions which would support the applicability of any of the first five subsections of Rule 60(b).[3]

---

[1] R. Doc. 18.
[2] R. Docs. 15 & 16.
[3] Though Plaintiff asserts he did not receive the Order regarding payment of the fee until September 9, 2021, the suit was not dismissed until September 21, 2021, and Plaintiff took no action in the interim to request an extension of time; rather, the only filing since dismissal is the instant motion, filed nearly one year later. Accordingly, the Court does not find that relief pursuant to Rule 60 is warranted.

Further, to the extent that Plaintiff's pleading may be interpreted as seeking relief under the catch-all provision of Rule 60(b)(6), the motion fares no better.  This provision allows a Court to vacate a judgment for "any other reason that justifies such relief" and provides a residual clause meant to cover unforeseen contingencies and to accomplish justice in exceptional circumstances.[4] The relief afforded by Rule 60(b)(6) is meant to be extraordinary relief, and it requires that the moving party make a showing of extraordinary circumstances justifying such relief.[5]  In the instant motion, Plaintiff has made no showing of unusual or unique circumstances to support the application of Rule 60(b)(6).  Furthermore, Plaintiff, in the instant Motion, still fails to provide this Court with the required payment and asks that this Court simply leave this case open until he can pay the fee; such a request will not be entertained.  Accordingly, Plaintiff has not shown that he is entitled to reinstatement of his claim; therefore,

**IT IS ORDERED** that Plaintiff's "Motion to Reinstate ect. To Inform"[6] is hereby **DENIED.**

Signed in Baton Rouge, Louisiana, on <u>November 9, 2022</u>.

_____

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[4] *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007).
[5] *Hess v. Cockrell*, 281 F.3d 212, 216, (5th Cir. 2002).
[6] R. Doc. 18.